# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

**JACK CANTWAY,**
Plaintiff,

v.

1:24-cv-11835
Judge Kennelly
Mag. Judge Kim
RANDOM CAT 2

**FILED**

*eu* NOV 18 2024

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**CITY OF HARVEY,**
**HARVEY POLICE DEPARTMENT,**
**OFFICER ZAMBRANO (#1164), in his individual and official capacities,**
**OFFICER KANT (#1016), in his individual and official capacities,**
Defendants.

CIVIL ACTION NO.:
**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

---

## INTRODUCTION

1. Plaintiff, **Jack Cantway**, brings this action under **42 U.S.C. § 1983**, alleging violations of his constitutional rights under the **Fourth** and **Fourteenth Amendments** to the United States Constitution.
2. Plaintiff seeks redress for unlawful seizure, malicious prosecution, and the deprivation of property without due process of law. Plaintiff also asserts claims under **Monell v. Department of Social Services**, 436 U.S. 658 (1978), for the City of Harvey's deliberate indifference to the need for proper training and supervision of its police officers.

---

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to **28 U.S.C. § 1331** (federal question jurisdiction) and **28 U.S.C. § 1343(a)(3)**(civil rights violations).

4. Venue is proper in this District under **28 U.S.C. § 1391(b)**, as the events giving rise to this action occurred in Harvey, Illinois, within the Northern District of Illinois.

## PARTIES

5. **Plaintiff:**
   - **Jack Cantway** resides at 8819 Clifton Ave, Mokena, Illinois 60448, and is a citizen of the United States.
6. **Defendants:**
   - **City of Harvey**: A municipal corporation that establishes policies, customs, and practices governing the Harvey Police Department.
   - **Harvey Police Department**: A subdivision of the City of Harvey responsible for implementing training and supervision policies for its officers.
   - **Officer Zambrano (#1164)** and **Officer Kant (#1016)**: Police officers employed by the City of Harvey, sued in their individual and official capacities for their role in the violations alleged herein.

## FACTUAL BACKGROUND

7. On **June 21, 2022**, Plaintiff was lawfully driving near the intersection of 159th Street and Halsted Street in Harvey, Illinois.
8. Plaintiff was not engaged in any illegal activity or traffic violation when Defendants Zambrano and Kant initiated a traffic stop by activating their patrol vehicle's emergency lights.
9. Defendants demanded Plaintiff's driver's license and insurance. Plaintiff explained that he no longer possessed a driver's license due to personal beliefs, but was operating his vehicle lawfully.
10. Despite Plaintiff's compliance and lack of any observable legal violation, Defendants arrested Plaintiff and issued him traffic citations without probable cause.
11. Plaintiff's vehicle was unlawfully seized and impounded. Defendants failed to provide Plaintiff with proper documentation or an opportunity to retrieve his vehicle.

12. Plaintiff was subsequently detained and required to appear in court, where the case against him was dismissed via **nolle prosequi**.

13. Defendants did not return Plaintiff's vehicle or personal property, depriving him of his property without due process of law.

14. The City of Harvey's failure to adequately train and supervise its officers, coupled with an apparent policy or custom of constitutional violations, directly contributed to the misconduct alleged herein.

## CLAIMS FOR RELIEF

## COUNT I: UNLAWFUL SEIZURE AND ARREST IN VIOLATION OF THE FOURTH AMENDMENT (42 U.S.C. § 1983)

15. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

16. Defendants Zambrano and Kant, acting under color of state law, seized Plaintiff without probable cause, in violation of the **Fourth Amendment**.

17. Their actions caused Plaintiff to suffer loss of liberty, emotional distress, and financial harm.

## COUNT II: MALICIOUS PROSECUTION (42 U.S.C. § 1983)

18. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

19. Defendants initiated and pursued legal proceedings against Plaintiff without probable cause and with malice, causing him emotional distress and financial harm.

20. The criminal case against Plaintiff was terminated in his favor via **nolle prosequi**, establishing a basis for liability under **42 U.S.C. § 1983**.

## COUNT III: VIOLATION OF DUE PROCESS UNDER THE FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

21. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

22. Defendants' seizure and impoundment of Plaintiff's vehicle and personal property deprived Plaintiff of his property without due process of law, in violation of the **Fourteenth Amendment**.

23. The City of Harvey's failure to implement adequate procedures for lawful impoundment and return of property contributed to this constitutional violation.

## COUNT IV: FAILURE TO TRAIN AND SUPERVISE UNDER MONELL (42 U.S.C. § 1983)

24. Plaintiff incorporates all preceding paragraphs as if fully set forth herein.

25. The City of Harvey, through its policymakers, failed to properly train and supervise its officers, including Defendants Zambrano and Kant, in the lawful conduct of traffic stops, arrests, and property seizures.

26. This failure to train and supervise reflects a deliberate indifference to the constitutional rights of individuals, including Plaintiff, and directly caused the violations alleged herein.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. **Compensatory damages** in the amount of **$1,000,000.00** for emotional distress, loss of property, and other damages suffered as a result of Defendants' unlawful actions.

2. **Punitive damages** in the amount of **$1,000,000.00** against Defendants Zambrano and Kant for their malicious and reckless conduct.

3. **Injunctive relief** requiring the City of Harvey to revise and enforce policies and training for its police officers to prevent future constitutional violations.

4. A **declaratory judgment** affirming that Defendants violated Plaintiff's constitutional rights.

5. Appointment of counsel for Plaintiff under **Local Rule 83.35** or **11(c)**.

6. Such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED,**

